# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RUSSELL FRITZ,** | ) | CASE NO. 1:23 CV 00221 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **WARDEN DOUGLAS FENDER,** | ) | ORDER |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Russell Fritz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (R. 1). Fritz is incarcerated in an Ohio penal institution and is challenging his 2021 conviction in the Lake County Court of Common Pleas. For the reasons that follow, the Court DENIES the petition and DISMISSES the action.

## I. Background

Fritz states in the petition that he pleaded guilty and was sentenced for murder and attempted kidnapping in the Lake County Court of Common Pleas in December 2021. He filed a direct appeal in the Eleventh District Court of Appeals, claiming that the trial court did not satisfy the requirements of Ohio Revised Code §§ 2929.12 and 2929.14 when imposing sentence. *See State v. Fritz*, 2022 Ohio App. LEXIS 2586 (Ohio Ct. App. Aug. 8, 2022) (Doc. No. 1 at 2).

The Court of Appeals affirmed Fritz's conviction. *Id.* On September 15, 2022, Fritz appealed to the Ohio Supreme Court, which declined jurisdiction. (R. 1 at 2).

## II. Standard of Review and Analysis

When considering a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Court. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in State custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, for a claim to be cognizable for federal habeas review, Petitioner must assert that he is in custody in violation of the federal constitution or federal laws, not state law. *Swarthout v. Cooke*, 562 U.S. 216, 218, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("'[F]ederal habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)); 28 U.S.C. § 2254(a). Courts have consistently held that a habeas petitioner cannot challenge the interpretation and application of Ohio's sentencing laws because "a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action." *Croce v. Miller*,

No. 1:15-CV-1758, 2017 U.S. Dist. LEXIS 124245, at *54 (N.D. Ohio July 12, 2017) (collecting cases). To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991).

Here, Fritz claims that the maximum sentence on the lesser included offense was contrary to law as the trial court's findings concerning Ohio Revised Code § 2929.12 were unsupported by the record. Additionally, he claims that the court's consecutive sentence findings under Ohio Revised Code § 2929.14 were not supported by the record and the sentence was therefore contrary to law. Fritz is challenging the trial court's application of Ohio's sentencing laws. The petition is largely silent as to the constitutional nature, if any, of Fritz's grounds for relief.[1] The petition also fails to offer any facts in support from which this court may "actively" interpret the petition to construe a constitutional basis that provides authority upon which this federal habeas court may act. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief.'") (internal quotation marks and citation omitted). While the court is required to liberally and actively construe the petition, the court is not required to construct claims on the petitioner's behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

---

[1] Petitioner does make a conclusory remark that, because his sentence allegedly failed to comport with Ohio's sentencing rules, a federal constitutional due process violation resulted. (R. 101, PageID# 23)."[T]he crux of Petitioner's claim lies in Ohio state sentencing laws and appellate procedure, not with federal constitutional rights. Without more, 'a mere error of state law is not a denial of due process.'" *Dority v. Bunting*, 2013 U.S. Dist. LEXIS 154228 at *15 (N.D. Ohio, Sep. 18, 2013) (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)); c*f. Katt v. Lafler*, 271 Fed. Appx. 479, 482 (6th Cir. 2008) ("[o]ur cases view [petitioner's] isolated allusion to 'constitutional rights to due process and a fair trial' as failing to afford the [state] courts adequate notice that [he] intended to invoke the Due Process Clause.")

On the face of the Petition, Fritz's claims regarding the trial court's compliance with Ohio Revised Code §§ 2929.12 and 2929.14 fail to assert a cognizable habeas claim. Fritz's petition is therefore denied.

### III. Conclusion

For the foregoing reasons, the Court DENIES the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and DISMISSES the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. 22(b).

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2023